# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

WILLIAM H. GOSSETT, III                                                                 PLAINTIFF

V.                              NO. 4:18CV00740 BRW/PSH

SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, William H. Gossett, III, applied for disability benefits on February 4, 2016, alleging a disability onset date of September 1, 2015. (Tr. at 17). The application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Mr. Gossett's claim. (Tr. at 25). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Gossett has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Mr. Gossett had not engaged in substantial gainful activity since the alleged onset date of September 1, 2015. (Tr. at 19). At Step Two of the sequential five-step

analysis, the ALJ found that Mr. Gossett had the following severe impairments: degenerative disc disease at the L4-5 and L5-S1 levels and macular degeneration in the left eye. *Id*.

The ALJ found that Mr. Gossett's impairment did not meet or equal a listed impairment. (Tr. at 20). Before proceeding to Step Four, the ALJ determined that Mr. Gossett had the residual functional capacity ("RFC") to perform work at the medium level, except that because of monocular vision at times he would not have good depth perception, but he was able to operate an automobile. *Id*.

The ALJ next found that Mr. Gossett was unable to perform his past relevant work. (Tr. at 23). The ALJ relied on the testimony of a Vocational Expert ("VE") to find that, considering Mr. Gossett's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 24). Therefore, the ALJ found that Mr. Gossett was not disabled. *Id*.

### III. <u>Discussion</u>:

    A.    Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have

supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Mr. Gossett's Arguments on Appeal

Mr. Gossett contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that the ALJ should have further developed the record, that the ALJ did not conduct a proper credibility analysis, and that the RFC did not incorporate all of Mr. Gossett's limitations. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

The medical record in this case is sparse. Mr. Gossett complained of back pain to his PCP, but a lumbar CT scan taken in July 2016 showed only disc degeneration with bulges at L4 and L5. (Tr. at 330). Objective tests showing mild to moderate conditions do not support a finding of disability. *Masterson v. Barnhart*, 363 F.3d 731, 738-39 (8th Cir. 2004). He treated with a chiropractor but was not referred for surgery. (Tr. at 72). Mr. Gossett received several steroid injections and treated pain with Toradol. (Tr. at 42-46, 346-350). Otherwise, visits to his PCP were routine, with normal motor strength and normal sensation. (Tr. at 351-364). He was able to do things like drive, run errands, carry groceries, and help on his family farm. (Tr. at 77, 315). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir.

1995).

Dr. Michael Westbrook examined Mr. Gossett on June 15, 2016, and he found no muscle spasm, weakness, or atrophy, with normal range of motion throughout his body. (Tr. at 326-327). Dr. Westbrook stated that Mr. Gossett had minimal limitations on his ability to sit, walk, stand, lift, or carry. (Tr. at 328). The two state-agency consultants found that Mr. Gossett's impairments were non-severe. (Tr. at 98, 108).

Mr. Gossett did not allege any vision problems on his application, but he saw an ophthalmologist who diagnosed macular degeneration subsequent to a mini-stroke. (Tr. at 315, 333-337). However, the doctor noted that he was able to move about the room without assistance. *Id*. Moreover, Mr. Gossett said he could read mail, magazines, menus and books, and that he could use stairs, cross the street, and step down from a curb without problem. (Tr. at 315-316). He said his vision was getting better. *Id*. Mr. Gossett did not wear refractive correction lenses. (Tr. at 333-337). Also, Mr. Gossett did not follow his doctor's recommendation to see a retina specialist. (Tr. at 335). The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997).

Mr. Gossett argued that the ALJ failed to fully develop the record. He cites the fact that Dr. Westbrook did not have the imaging results showing degenerative disc disease at the time of his examination. First, the imaging revealed a mild to moderate condition, and nothing indicates that Mr. Gossett experienced serious deterioration in his condition after he saw Dr. Westbrook. The Court recognizes there is very little in the medical record about Mr. Gossett's physical impairments. However, while an ALJ must develop the record further if there is not enough evidence upon which to base his decision, he is not counsel for the claimant. A claimant's

4

representative has an affirmative duty to obtain and supply information necessary for the claimant to support his claim. *Onstad v. Shalala*, 999 F.2 1232, 1234 (8th Cir. 1993). At the hearing, the claimant's representative did not suggest that further development was necessary. The Court finds the record before the ALJ contained sufficient evidence upon which to base his decision. The ALJ did not err in record development.

Mr. Gossett also claimed that the ALJ did not properly evaluate his subjective complaints. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

In this case, the ALJ cited Mr. Gossett's ability to perform a range of activities. (Tr. at 21-22). He noted conservative treatment and mild objective findings. (Tr. at 21). He discussed gaps in treatment. *Id.* His analysis of subjective complaints was sufficient.

Finally, the Court finds that the RFC fully incorporated Mr. Gossett's limitations. The thin medical record did not suggest debilitating conditions. Mr. Gossett did not require surgery or hospitalization. He did not regularly treat his back condition. He said he could still do many things

5

requiring decent vision in spite of macular degeneration. The examining and reviewing doctors' findings were consistent.

## VI. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Mr. Gossett was not disabled. The ALJ based his decision on a fully developed record, he adequately assessed subjective complaints, and the RFC properly incorporated all of Mr. Gossett's limitations. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO RECOMMENDED this 22nd day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE